## McDONALD et al., Respondents, v. SHREVE, Appellant.

[Submitted February 24, 1892. Decided March 28, 1892.]

Appeal—*Practice—Alteration of transcript—Rules of Supreme Court.*—Where an appellant who has been given leave to file a brief upon a point of practice suggested by this court, or to dismiss his appeal without prejudice, fails to avail himself of such privileges, but having obtained permission to take the transcript from the clerk's office for the purpose of making amendments or a new record, which permission he understood to authorize such use of the papers as he deemed proper, thereafter returns it with alterations made by the removal of certain pages and the substitution of other papers, and transforms it from a statement on appeal into a statement on motion for a new trial under the original covers and filings, so as to satisfy the point raised by the court, it is a reconstruction of the record unauthorized by the rules and practice of this court, and the appeal will be dismissed. (Citing rules 11 and 23. De Witt, J., dissenting, and placing a different construction upon the facts, as to which see his opinion.)

*Appeal from First Judicial District, Jefferson County.*

Defendant appeals from an order by Galbraith, J., granting a new trial. Appeal dismissed.

*Word & Smith,* for the motion.

*McConnell & Clayberg, contra.*

BLAKE, C. J. — The following suggestions and order were prepared in this case by Mr. Justice DE WITT, and adopted by the court, January 18, 1892: —

"This appeal is in this court upon a statement on appeal. The appeal is from an order granting a new trial. The statement on appeal seems to be made in pursuance of the provisions of section 432 of the Code of Civil Procedure. This section is identical with section 338 of the Practice Act of California, under which it seems to have been held in that State, that a statement on appeal from an order granting or denying a motion for a new trial was improper. (Hayne on New Trial and Appeal, § 250.) Furthermore, it is the proper practice, under the provisions of section 437 of the Code of Civil Procedure of this State, which provides that the provisions of section 432 do not apply to appeals taken from an order made upon affidavit filed, but such affidavit shall be annexed to the order, in place of the statement mentioned in section 432. The appeal in this case is from an order made upon affidavits filed. Again, section 438 of the Code of Civil Procedure of this State, provides that on an appeal from an order, the appellant shall furnish the court with a copy of the notice of appeal, undertaking, the order appealed from, and a copy of the papers used on the hearing in the court below, such copies to be certified, etc. If the statement on appeal is not the proper record in this case, then does this court know upon what papers the motion below was heard? There seems to have been a settlement of a statement on motion for a new trial. But there are no specifications in that statement, and it does not appear what portion of the transcript is included therein, nor does it appear that it was used on the hearing below, nor does it appear that the evidence was before the court on the motion for a new trial. If the statement on appeal is not properly before us, does it appear that even the affidavits were used on the motion below? It seems that the only information that we have is a statement in the statement on appeal, that the motion was heard on the affidavits. Does it even appear that the pleadings, and the amend-

ing of the same, were before the court below? These matters are suggested as queries for the consideration of counsel. They were not suggested upon the argument of the case, and the court is not to be understood as expressing an opinion. The points mentioned are new in this court, and, as counsel have not been heard upon them, it is ordered that the appellant, if he desires, may file a brief upon these points within one week, and the respondents may reply by brief within one week after appellant's brief is filed. Then, if appellant desires, he may dismiss his appeal without prejudice to the taking of another appeal."

The appellant did not file any brief upon the points which were specified, and did not dismiss his appeal, but afterwards obtained permission to take the transcript from the office of the clerk, for the purpose of making amendments or a new record. The rules of this court authorize the taking from the office of the clerk, upon the order of this court, or any justice thereof, of any transcript or paper which has been filed in the case, and require the same to be "returned within twenty days in all cases, or within a shorter period if ordered." (Rule xxiii.) The eleventh rule provides: "For the purpose of correcting any error or defect in the transcript, either party may suggest the same in writing, and upon good cause shown, obtain an order that the proper clerk certify to this court the whole or part of the record required. If the attorney or counsel for the adverse party be absent, or the fact of the alleged error or defect be disputed, the suggestion must be accompanied by an affidavit showing the existence of the alleged error or defect." The appellant has not proposed or suggested any amendments to correct any alleged error or defect in the old record. He claims that the foregoing rules are inapplicable, and that, when the privilege of taking the transcript was granted, he understood that papers composing it were to be used in any manner that might be deemed necessary or proper. We know that counsel who appear in this court will not wilfully disobey the rules or requirements of the statute, and no question of this nature arises upon this hearing. Did the appellant comply with the practice regulating this procedure? What has been done? The original transcript, which was filed August 24, 1891, has been altered by the removal of pages 26, 27, 28, 72, 75, and

76, and the substitution of other papers in lieu thereof; and the first certificate of the clerk of the court below, to the authentication of this document, has been replaced by another, which was made January 29, 1892. What purported to be a "statement on appeal" has been transformed into a "statement on a motion for a new trial." The papers which have been thus removed are no longer in our custody, or on file in the office of the clerk. This is not a new transcript which has been prepared according to the Code of Civil Procedure, under the supervision of the judge of the court below, and the appellant and respondents. These radical and important changes have been made in the original record, within the same covers, and under the original filing which authenticated it as a part of the files of this court. We are asked to entertain this transcript, so reconstructed, as the document that was filed August 24, 1891. The old record has been abandoned by appellant, and this transcript has not been prepared in accordance with law. If a privilege of this scope can be given to the appellant, the same right should be conferred upon the respondents, and the acts of the parties proceeding therein in good faith would end in confusion and uncertainty, and the principles of sound practice would be undermined.

In *State* v. *Gibbs,* 10 Mont. 212, the appellant had leave to withdraw the transcript from this court and refile it, so that the notice of appeal which was actually served would be shown. In *Territory* v. *Harris,* 7 Mont. 384, the appeal had been dismissed without prejudice, and the appellant had leave to use the same transcript in taking another appeal. The court held that this appeal must be dismissed, because the same notice of appeal had been refiled, and with the addition of the signature of the clerk of the court in the acceptance of service. These cases are illustrations of the liberality which has been exercised by this court, in order that parties may secure a hearing on appeal, but we are not aware of any precedent which allows the appellant to reconstruct a record in this way. Motions which have these objects in view are granted, with the plain understanding that the party seeking relief will comply with the rules of this court, and laws which have been framed to provide appropriate remedies.

It appears in the first transcript that the motion for a new trial was heard and determined on the affidavits. The clerk of the court below, in the new certificate, states: "Upon the hearing of the motion for a new trial, and the making of said order granting a new trial, there was before the court, and used by him, the aforesaid complaint, amended answer, replication to amended answer, statement on motion for a new trial, and the aforesaid affidavits." This officer is thereby made to contradict himself in the conflicting certificates. The notice of intention to move for a new trial, which was contained in the original record, and without which the court below could not entertain the motion, has disappeared, and we do not know what grounds, if any, were specified for its action. The appellant did not act upon the suggestions of the court, and it is evident that he desires to maintain his appeal, and have the benefit of the original filing, when it is conceded that the first transcript was fatally defective. Any permission which was extended in this matter must be controlled by the provisions of the Code of Civil Procedure, and we are compelled to decide that there is no record upon which this appeal can be heard.

It is therefore ordered that the motion of respondents to dismiss the appeal be sustained.

*Appeal dismissed.*

Harwood, J., concurs.

De Witt, J. (*dissenting*).—The respondents moved to dismiss the appeal in this case upon several grounds, only two of which, as I understand the opinion of the majority, are noticed by the court. They are quoted from the motion of respondents as filed: "(1) That appellant has wholly failed to comply with the order of this honorable court made in said cause on the eighteenth day of January, 1892; (2) that the transcript on file in this case fails to comply with the rules and practice of this court." Are either of these grounds sufficient to authorize a dismissal of the appeal? I will examine them first. This case came here on appeal from an order granting a new trial. It came on a statement of appeal. Such was the record. As appears by the suggestions and order made by this court January 18th, and recited in full in the majority opinion,

an apparently important question of practice arose in the mind of the court, which had not been argued by counsel. It was whether the record filed was the proper record in an appeal of the nature of the one in question. The court suggested these matters, and made this order: "Ordered, that the appellant, if he desires, may file a brief upon these points within one week, and the respondents may reply by a brief within one week after appellant's brief is filed. Then, if appellant desires, he may dismiss his appeal without prejudice to the taking of another appeal."

An alleged non-compliance with this order (that is, that appellant did not file the brief or dismiss his appeal) is presented as a ground for now dismissing the appeal. Did this court order appellant to do anything? Has appellant disobeyed any order of this court? A reading of the order of January 18th is a full answer to any such inquiry. The order was this: That appellant *might do certain things, if he desired.* As he has not done those things, it would seem that *he did not desire so to do.* The order of January 18th was nothing more than a leave granted to appellant to file a brief or dismiss his appeal *if he desired.* The order will bear no other interpretation in reason. Respondents' contention that the appeal should be dismissed, because appellant has failed to comply with the order of January 18th, is too idle for any serious consideration.

But, as I understand the opinion of the majority, it is based principally, if not wholly, upon the last ground made by respondents, to wit: "That the transcript on file in this case fails to comply with the rules and practice of this court." I will examine that point. The appellant did not see fit to adopt either of the suggestions of the court of January 18th; that is, either file a brief or dismiss his appeal. He was not required to do so. He took another course. After January 18th he "obtained permission to take the transcript from the office of the clerk for the purpose of making amendments or a new record." This permission rested in parol, and is not in the records of the court. I take this statement from the majority opinion. That a permission was given is certain, but what was its scope, intent, and extent is not made clear by any record. This permission was one of two things—either a leave to simply

take the transcript from the clerk's office for the purpose, perhaps, of examining, reading, or referring to it, and returning it to the clerk's office in its integrity; or it was a leave to withdraw the transcript from the files — to remove it from the records absolutely. The first view of the permission was that it was a loan of the transcript to the appellant; the second is that it was practically a striking of the transcript from the files, and giving it to appellant for his own use. I will examine what was done in the premises. The transcript, on appeal in the case, was filed August 24, 1891. As above noted, it would seem, from the suggestions of January 18th, that after the argument the court was not wholly satisfied with the nature and character of the record. The suggestions of January 18th did not express any opinion as to the point of practice which seemed to arise, but left that for future consideration. I speak of what seems to be a fair interpretation of the suggestions of January 18th. In those suggestions I find, among other things, the following: "Again, section 438 of the Code of Civil Procedure of this State, provides that, on an appeal from an order, the appellant shall furnish the court with a copy of the notice of appeal, undertaking, the order appealed from, and a copy of the papers used on the hearing in the court below, such copies to be certified," etc.

From appellant's after-conduct, he seems to have been guided by the words last cited, instead of by the order that he might file a brief or dismiss his appeal. He then obtained the permission above referred to. He did not undertake to make amendments to his old record. The suggestions of the court of January 18th make it apparent that the court had some doubt as to whether the nature and character of the old transcript were such that it could be entertained at all upon an appeal in the sort of case which seemed to be at bar. The suggestions of January 18th pointed out the provisions of section 438 of the Code of Civil Procedure in the language quoted above. The appellant having it suggested to him by the court that a statement on appeal might not be the proper practice in his case, and also having his attention called by the court to section 438, and his case being an appeal from an order granting a new trial, and section 438 referring to an appeal from an

order, what does appellant do? He gets the permission above referred to, to take out the transcript, upon which transcript some doubts had been thrown by said suggestions of the court. As this permission is quoted in the majority opinion, it would seem that appellant had leave to take out the transcript for one of two purposes — either to make amendments or to make a new record. He did not undertake to make amendments, and the rules of the court as to the manner of suggesting and making amendments are inapplicable. He could not amend the old record, under the circumstances, for, if the faults as suggested as possibly existing did in fact exist, they were radical — they went to the very nature and life of the whole transcript. If a statement on appeal was wrong and out of place, and the correct practice was a certification of the papers used on the hearing of the motion below, under section 438, then the old transcript was not amendable. The only course was to present a new record, made under the provisions of section 438. It was not a question of supplying a deficiency in the record. The question was to get the case to this court by another vehicle — by another procedure — by making a record of another character; that is, of the character provided for in section 438.

Now, that is what appellant has done. He takes the old record out, and comes back with one of a different character, to which record the clerk certified as follows: "And I further certify that, upon a hearing of the motion for a new trial, and the making of said order granting a new trial, there was before the court, and used by him, the aforesaid complaint, amended answer, replication to amended answer, statement on motion for a new trial, and the aforesaid affidavits." This is the sort of record which seemed to be contemplated by section 438. This is the kind of record appellant has brought here. It is not material, to my mind, that he has neglected to have the clerk of this court mark it "filed." It came here apparently after January 29th, for that is the date of its certification by the district clerk. It probably should have been marked "filed" on the day of its arrival in the clerk's office. So now we have a record under section 438, instead of, as before, a record by statement on appeal. It is probably true that much of the material of the old record has been used in the new, and the

material of the old that was not needed in the new has been omitted. The appellant has taken the material of the old record, and added some, and omitted some, and made a new record, of another character. And here is the difficulty as to the interpretation and understanding of the permission to appellant to take out the old record. If that permission were simply a leave to appellant to borrow the record, he, of course, had no right to disturb its integrity. The court holds that such was the intent or permission, and the court's interpretation of its own orders must, of course, prevail. Then appellant has, without leave, pulled to pieces a record of the court, and, with the material thereof, has constructed a new record. If he has done this wilfully and knowingly, he has committed a serious offense against the sacredness of the court records. But if the permission were to appellant to absolutely take the transcript as his own; to remove it, not only from the office of the clerk, but from the files of the court; and to do with it as he pleased — then he has committed no offense. He has simply used some of the cast-off material of an old structure, and therewith built a new one. He comes to court with a record, apparently, under the provisions of section 438. Whether that is a proper record for an appeal of this nature; whether it is not brought here too long after the appeal was taken, in order to comply with rule xi. (10 Mont. 599) of this court — are questions not under consideration in this motion to dismiss the appeal. But this interpretation of the permission cannot prevail in fact, because the court views the permission in another light.

But there is another view of this matter. Assuming, as we must, that the permission was simply to borrow that transcript, still the fact remains that appellant's counsel honestly believed that he had permission to take it absolutely. This is apparent from several facts. If he wanted the transcript simply for inspection, why did he not procure it under the simple procedure of rule xxiii. If he had thought that he was only borrowing the transcript, he would not have dared, as an attorney of this court, to pull it to pieces, and destroy its character, as he received it. Such an act was sure of detection, and the counsel made no concealment of his actions. He is an ex-chief justice, and now an attorney of this court, in good and honor-

able standing; and he says in open court, on the motion to dismiss, that what he had done he believed he had permission to do. As long as he stands unimpeached as an attorney of this court, we must believe his statement in this respect. Again, the fact that he took the course that he did is evidence that he believed the court had given him permission so to do. It is simply the fact that appellant interpreted the permission of the court as leave to do what he did, and then, upon the hearing of the motion to dismiss, he stood in this court, and said that, if he had misunderstood the permission of the court; that if in fact he did not have leave to do with the transcript as he had; that if he had made a mistake, he was able to, and offered to restore the transcript to its original condition, as it was when he took it from the clerk's office. He is then not in a position to deserve a dismissal of the appeal.

Reverting again to the transcript, have changes been made in the record without the knowledge of the court below? That court's clerk certifies to this record that it contains the papers on which the motion below was heard. Have the adverse parties been deprived of the right to be heard as to this record? The adverse parties, with their motion to dismiss the appeal, also in apparent lack of confidence in that motion, filed a suggestion of diminution of the record, stating that the record does not contain certain papers, among others a notice of motion for a new trial, which notice, it is observed by the majority of the court, is not present in this record. If that be true, if the clerk below has omitted certain papers upon which the motion was heard below, and respondent suggests the matter as he does, would not the practice be to order such papers certified up to this court as part of his record, under rule xii. (10 Mont. 599), and thus has not respondent all that he needs for the hearing? It is said: "What purported to be a statement on appeal has been transformed by the appellant into a statement on a motion for a new trial." It is true that in the original record there was a statement on appeal. In the present record there is a statement on motion for a new trial, which statement, on motion for a new trial, the clerk certifies was one of th papers on which the motion was heard. This certificate is sup posed to import some verity.

So, if appellant has rightfully brought this transcript to this court, and it is not sufficient, in not containing all of the papers on which the motion below was heard, it can be amended according to respondent's suggestions of diminution, which are filed.

If appellant has not rightfully taken the course that he has, it was an honest mistake on his part; not a mistake of law, or of practice, or of the rules of the court, but a mistake arising from an honest misunderstanding of the nature and scope of a permission that was given him—a mistake that he offers to rectify by restoring everything to the *status in quo* it was when he took the transcript. Under these circumstances, to order the appellant turned from the door of this court unheard is not an order in which I can concur.