THE HON. GEORGE R. MILBURN,
THE HON. WILLIAM L. HOLLOWAY, } Associate Justices.

STATE, RESPONDENT, *v.* FRANCESCHI, APPELLANT.

(No. 2,192.)

(Submitted June 3, 1905. Decided June 6, 1905.)

*Filing and Serving Briefs—Attorney General—Rules—Record—Alteration—Dismissal.*

Rules—Supreme Court—Filing Briefs.
  1. Supreme Court Rule X, subdivision 5 (30 Mont. xxxix), which provides that where an appellant is in default in filing his brief the case may be dismissed on motion, will not be relaxed where counsel was not prevented from observing it by press of other professional duties, or interruptions caused by illness or the like.
Practice—Record on Appeal—Alteration Without Order of Court—Dismissal.
  2. Where counsel for appellant was allowed by the clerk of the supreme court to take the record from his office, and thereafter the record was rearranged in certain particulars, and changes made by incorporating in it a certificate of the trial judge settling the bill of exceptions and the notice of appeal, and by adding an entirely new certificate of the clerk of the district court, bearing date a

(495)

month later than the supreme court file-marks, the appeal will be dismissed, though counsel, after notice of motion to dismiss, filed a suggestion of diminution of the record and asked for an order directing the clerk of the district court to correct the defects and supply the omissions, theretofore attempted to be done without such order.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

SALVATORE FRANCESCHI was convicted of murder, and he appeals. Dismissed.

*Messrs. Mackel & Meyer,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was convicted of murder, and sentenced to a term of imprisonment in the state prison. From the judgment and an order denying him a new trial he has appealed. The attorney general has submitted a motion to dismiss the appeals on the grounds (1) that the appellant has failed to file his brief as required by the rules; and (2) that after the record was filed with the clerk of this court it was withdrawn from his custody by appellant's counsel, and so changed in important particulars while in their custody as to destroy its character as a record of this court.

1. The first ground of the motion is a sufficient reason for a dismissal of the appeal, no sufficient excuse being made to appear why the rule has not been observed. (Rule X, subdivision 5, 30 Mont. xxxix). This rule has often been relaxed upon proper application, and almost as a matter of course, where counsel have been prevented from observing it by press of other professional duties, or interruptions caused by illness or the like. This is not such a case.

2. The facts upon which the second ground of the motion is based are the following: The appeals were perfected some time during the latter part of 1904. After a delay of ninety

·days beyond the time allowed by the rule for filing the record in this court, such delay having been waived by the attorney general by stipulation, the record was finally filed with the ·clerk· on April 6th of this year.   On April 10th counsel were allowed by the clerk to take the record from his office—for a purpose not then apparent—to their office, in the city of Butte. ·On May 19th a transcript of another or changed record was transmitted by the clerk of the district court to the clerk of this court, with a request that he file the same as the record in the case.   The changes made in it, so far as can now be ascertained, were the removal of the cover, with the file-marks of the clerk of this court thereon, and the substitution of another; a rearrangement of it in certain particulars, and the incorporation in it of a certificate of the trial judge settling the bill of ·exceptions, and the notices of appeal, besides the addition of an entirely new certificate of the clerk of the district court, bearing date more than a month later than the file-marks of the clerk of this court.   The clerk refused to file this document.   Thereupon the motion to dismiss was filed by the attorney general.   As soon as they were notified of the motion, ·counsel for appellant filed a suggestion of diminution of the record, and asked for an order directing the clerk of the district court to correct the defects and supply the omissions.   It is not now within the power of this court to grant this order, because counsel have not returned the record taken from the ·custody of the clerk.   Upon their own showing they cannot now do so, because its identity has been destroyed.   The clerk was clearly right in refusing to file the new document presented to him, for it is not the record which counsel took from his custody, nor is it a substitute for the original made by authority of the court.   It is in fact no record at all, nor is there now on file any record in the case which this court can ·correct.   It is not clear who is to blame for the condition presented—whether counsel for appellant or the clerk of the district court; but counsel are responsible, because but for their ·action the integrity of the record would have been preserved,

and they and their client must bear the consequences. Counsel took the record away. They were responsible for its return in the same condition as when they got it. Though the clerk of the district court assumes sole responsibility for the present condition, counsel should have brought the matter to the attention of this court, and asked that the record be restored or substituted. Instead of doing this, they contented themselves by allowing the clerk of the district court to lodge the new document with the clerk of this court, and leaving it with him until necessity to do something was made urgent by the motion to dismiss.

This court has been exceedingly liberal in permitting amendments, but it cannot recognize the practice pursued in this case, for the reason that, if permitted, it would lead to the utmost confusion and uncertainty. In such cases we may not stop to inquire whether the particular offense has proceeded from ignorance or a willful disregard of propriety, but will follow the course adopted by this court in *McDonald* v. *Shreve,* 12 Mont. 82, 29 Pac. 729, and dismiss the appeals. The appeals are accordingly dismissed.

*Dismissed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.

Motion for reinstatement of appeals denied June 16, 1905.